# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

EDWARD DALE BURGDOF, )
)
    Plaintiff, )
)
v. ) No. 4:15CV329 RWS
)
WILLIAM MCKINNEY, et al., )
)
    Defendants, )

## MEMORANDUM AND ORDER

This matter is before me on plaintiff's motion for leave to proceed in forma pauperis and complaint under 42 U.S.C. § 1983. The motion for leave to proceed in forma pauperis is granted. Because plaintiff is a prisoner, the Court assesses an initial partial filing fee of $4.65, which is twenty percent of his average monthly deposits. See 28 U.S.C. § 1915(b).

Under 28 U.S.C. § 1915(e), the Court must review a complaint filed in forma pauperis and dismiss it if it is frivolous, malicious, or fails to state a claim upon which relief can be granted.

Plaintiff alleges that defendant McKinney, one of the physicians at Potosi Correctional Center, failed to treat his chronic wrist injury and psychiatric condition. Plaintiff says he was forced to work in the kitchen, despite his injury. He says he was forced to do difficult physical labor which worsened his right wrist injury, and he says his left wrist was seriously injured by a steel door. Plaintiff says that McKinney refused to order X-rays until four or five months later. The X-ray tests showed "bone damage" to plaintiff's left wrist. Plaintiff says he has suffered extreme and unnecessary pain as a result of not being treated.

Plaintiff alleges that McKinney prescribed him nortriptyline for psychiatric issues. Plaintiff told McKinney that the drug did not work, and he says McKinney refused to prescribe a different drug.

To state a claim for medical mistreatment, plaintiff must plead facts sufficient to indicate a deliberate indifference to serious medical needs. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Camberos v. Branstad, 73 F.3d 174, 175 (8th Cir. 1995). Allegations of mere negligence in giving or failing to supply medical treatment will not suffice. Estelle, 429 U.S. at 106. In order to show deliberate indifference, plaintiff must allege that he suffered objectively serious medical needs and that defendants actually knew of but deliberately disregarded those needs. Dulany v. Carnahan, 132 F.3d 1234, 1239 (8th Cir. 1997). In order to state a claim against defendant Corizon, plaintiff must allege that there was a policy, custom or official action that caused an actionable injury. Sanders v. Sears Roebuck & Co., 984 F.2d 972, 95-76 (8th Cir. 1993).

Plaintiff's allegations state a prima facie case of deliberate indifference to his serious medical needs. As a result, I will direct the Clerk to serve process on McKinney.

Plaintiff has not alleged that a policy of Corizon caused his injuries. Therefore, I will dismiss Corizon from this action without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [ECF No. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $4.65 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his

prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk shall issue process on defendant William McKinney in accordance with the Court's agreement with Corizon, Inc.

**IT IS FURTHER ORDERED** that defendant Corizon is **DISMISSED** without prejudice.

An Order of Partial dismissal will be filed separately.

Dated this 3rd day of March, 2015.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE